1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7  OSCAR A. JOHNSON, JR.,                )
8                          Plaintiff,    )        Case No. 2:12-cv-01430-JCM-PAL
                                         )
9  vs.                                   )        **ORDER**
                                         )
10 DEPT. OF HOUSING & URBAN DEV'T, et al., )      (IFP App - Dkt. #3)
                                         )
11                         Defendants.   )
   _____ )
12

13        Plaintiff Oscar A. Johnson is proceeding in this action pro se and submitted an Application to

14 Proceed In Forma Pauperis (Dkt. #3) on August 13, 2012.   This proceeding was referred to this court

15 by Local Rule IB 1-9.

16 **I.    In Forma Pauperis Application**

17        Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

18 and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be

19 granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

20 **II.   Screening the Complaint**

21        Upon granting a request to proceed in forma pauperis, a court must additionally screen a

22 complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is

23 legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

24 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a

25 court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

26 with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

27 deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

28 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's Complaint alleges claims against the Department of Housing and Urban Development ("HUD"), the Southern Nevada Regional Housing Authority ("SNRHA"); and the following employees of SNRHA: John Hill; Dwayne Alexander; and Steven Silverman. Plaintiff alleges that he rented a HUD-subsidized unit with SNRHA, and that he "fulfilled his end of the bargain, yet SNRHA (HUD) has still not fulfilled its obligation." Complaint at 1:18-21. He contends SNRHA "didn't do anything when Plaintiff complained of deprivation, etc." Complaint at 1-2. Plaintiff has attached a letter he sent SNRHA, in which he complained of sleep deprivation as a result of too many residents and too many activities occurring in his building. *See* Letter, attached as Exhibit 1 to Complaint. Plaintiff requests a refund of his housing costs. Plaintiff has also attached a response from SNRHA, in which Defendant Silverman informs Plaintiff that these issues were being investigated. *Id.* Plaintiff claims he vacated the unit on September 16, 2011. The complaint seeks actual damages of $10,710, compensatory damages for aggravation of permanent disabilities in the amount of $107,100, and $500,000. On punitive damages.

Plaintiff's Complaint attempts to state a claim under 42 U.S.C. § 1983. Section 1983 provides a claim for the "deprivation of any rights, privileges, or immunities secured by the Constitution and the

1  laws of the United States." *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508-09 (citing *Maine v.*
2  *Thiboutot,* 448 U.S. 1, 4 (1980)). Section 1983 is not itself a source of substantive rights, but merely
3  provides a method for vindicating federal rights elsewhere conferred.  *See Graham v. Connor,* 490 U.S.
4  386, 393-94 (1989).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1)
5  that a right secured by the Constitution or laws of the United States was violated; and (2) that the
6  alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins,*
7  487 U.S. 42, 48 (1988).  No claim exists under § 1983 for violation of a federal law if (a) the statute
8  does not create enforceable right, privilege, or immunity; or (b) Congress has "foreclosed citizen
9  involvement in the enactment itself, either explicitly or implicitly by imbuing it with its own
10 comprehensive remedial scheme." *Buckley v. City of Redding,* 66 F.3d 188, 190 (9th Cir. 1995).

11     Here, the Complaint does not identify the statutory or constitutional right that is the basis of
12 Plaintiff's § 1983 claim, and therefore, it does not state a claim upon which relief can be granted.  In
13 addition.  Plaintiff's Complaint will be dismissed, with leave to amend.  If Plaintiff elects to proceed in
14 this action by filing an amended complaint, he is advised that he should specifically identify each
15 defendant to the best of his ability, clarify what constitutional right he believes each defendant has
16 violated, and support each claim with factual allegations about each Defendant's actions.  Plaintiff's
17 claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v.*
18 *Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

19     Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's
20 amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself
21 without reference to any prior pleading. This is because, as a general rule, an amended complaint
22 supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff
23 files an amended complaint, the original pleading no longer serves any function in the case. Therefore,
24 in an amended complaint, as in an original complaint, each claim and the involvement of each
25 defendant must be sufficiently alleged.

26     For the foregoing reasons,

27     **IT IS ORDERED:**

28     1.     Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not

3

be required to pay the filing fee of three hundred fifty dollars.

2.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3.  The Clerk of the Court shall file the Complaint.

4.  Plaintiff's Complaint is **DISMISSED** with leave to amend.

5.  Plaintiff shall have until **April 15, 2013,** to file his amended complaint, if he believes he can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6.  Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:12-cv-01430-JCM-PAL** above the words "FIRST AMENDED"in the space for "Case No."

7.  Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 14th day of March, 2013.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4