**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OSCAR A. JOHNSON, ) | Case No. 2:12-cv-01430-JCM-PAL |
| )  Plaintiff, ) | **REPORT OF FINDINGS AND RECOMMENDATION** |
| vs. ) | (Amended Complaint - Dkt. #6) |
| DEPT. OF HOUSING & URBAN DEV'T, ) | |
| )  Defendant. ) | |

    This matter is before the court on Plaintiff Oscar A. Johnson's Amended Complaint (Dkt. #6). Plaintiff is proceeding pro se and in forma pauperis. After granting Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1), the court screened Plaintiff's Complaint (Dkt. #5) pursuant to 28 U.S.C. § 1915 and dismissed the Complaint with leave to amend. Thereafter, Plaintiff filed the Amended Complaint.

    Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

1  2000).  A properly pled complaint must provide a short and plain statement of the claim showing that
2  the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,
3  555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels
4  and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129
5  S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as
6  true all well-pled factual allegations contained in the complaint, but the same requirement does not
7  apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,
8  supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the
9  complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.
10 *Twombly,* 550 U.S. at 570.

11 Plaintiff's Amended Complaint alleges claims against the Department of Housing and Urban
12 Development ("HUD"), the Southern Nevada Regional Housing Authority ("SNRHA"); and the
13 following employees of SNRHA: John Hill; Dwayne Alexander; and Steven Silverman.  Plaintiff
14 alleges that he rented a HUD-subsidized apartment unit with SNRHA and that he fulfilled all of his
15 obligations under the lease agreement.  He contends SNRHA/HUD took no action when Plaintiff filed
16 complaints about the noise coming from a neighboring apartment, which caused Plaintiff to be deprived
17 of sleep and aggravated his pre-existing permanent disabilities.  Plaintiff has attached letters he sent
18 SNRHA, in which he complained of sleep deprivation, multiple residents, and too much noise in the
19 neighboring apartment.  *See* Letters, attached as Exhibit 4 and 5 to Amended Complaint.  Plaintiff has
20 also attached a response from SNRHA, in which Defendant Silverman informs Plaintiff that these
21 issues were being investigated.  *Id.*  Plaintiff vacated the unit on August 1, 2011.  The complaint seeks
22 actual damages of $10,710, compensatory damages for aggravation of permanent disabilities in the
23 amount of $107,100, and $500,000 in punitive damages.

24 Plaintiff's Complaint attempts to state a claim under 42 U.S.C. § 1983.  Section 1983 provides a
25 claim for the "deprivation of any rights, privileges, or immunities secured by the Constitution and the
26 laws of the United States." *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508-09 (citing *Maine v.*
27 *Thiboutot,* 448 U.S. 1, 4 (1980)). Section 1983 is not itself a source of substantive rights, but merely
28 provides a method for vindicating federal rights elsewhere conferred.  *See Graham v. Connor,* 490 U.S.

386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). No claim exists under § 1983 for violation of a federal law if (a) the statute does not create enforceable right, privilege, or immunity; or (b) Congress has "foreclosed citizen involvement in the enactment itself, either explicitly or implicitly by imbuing it with its own comprehensive remedial scheme." *Buckley v. City of Redding,* 66 F.3d 188, 190 (9th Cir. 1995).

Here, the Amended Complaint suffers from the same deficiencies as the original Complaint. Plaintiff has still not identified the statutory or constitutional right that is the basis of his § 1983 claim, and therefore, it does not state a claim upon which relief can be granted. Additionally, Plaintiff has not clarified what constitutional right he believes each Defendant has violated or supported each claim with factual allegations about each Defendant's actions. In fact, Plaintiff has made no factual allegations whatsoever against Defendants Hill, Alexander, or Silverman.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. #6) be Dismissed.

Dated this 5th day of July, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's

1 | Findings and Recommendations." The parties are advised that failure to file objections within the
2 | specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153
3 | (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject
4 | to the page limitations found in LR 7-4.