# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

OSCAR A. JOHNSON,

    Plaintiff(s),

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.,

    Defendant(s).

2:12-CV-1430 JCM (PAL)

**ORDER**

Presently before the court is the report and recommendation of Magistrate Judge Leen dismissing plaintiff's amended complaint. (Doc. # 8). *Pro se* plaintiff Oscar A. Johnson objected. (Doc. # 9).

Plaintiff's amended complaint asserts claims against the Department of Housing and Urban Development ("HUD"), the Southern Nevada Regional Housing Authority ("SNRHA"), and the following employees of SNRHA: John Hill, Dwayne Alexander, and Steven Silverman. Plaintiff alleges that he rented a HUD-subsidized apartment unit with SNRHA and that he fulfilled all of his obligations under the lease.

Plaintiff argues that SNRHA/HUD took no action when plaintiff filed complaints about the noise coming from a neighboring apartment which caused plaintiff to be sleep deprived and aggravated pre-existing permanent disabilities. The amended complaint seeks actual damages of $10,710, compensatory damages for aggravation of permanent disabilities in the amount of

**James C. Mahan**
**U.S. District Judge**

1  $107,100, and $500,000 in permanent damages.

2  Magistrate Judge Leen screened the original *in forma pauperis* complaint and dismissed the
3  complaint with leave to amend. (Doc. # 4). Plaintiff timely filed an amended complaint. (Doc. # 6).

4  The magistrate judge then reviewed the amended complaint pursuant to 28 U.S.C. § 1915(a).
5  The magistrate judge recommends dismissing the complaint because the amended complaint suffers
6  the same deficiencies as the original complaint. Namely, the magistrate judge found that plaintiff
7  failed to identify the statutory or constitutional right that is the basis of his § 1983 claim and
8  therefore failed to state a claim upon which relief can be granted. Further, plaintiff did not clarify
9  what constitutional right he believed each defendant violated and did not support each claim with
10 factual allegations about each defendant's actions.

11 Plaintiff timely filed an objection. (*See* doc. # 9). Plaintiff's objection lays out some factual
12 allegations against defendants Hill, Alexander, and Silverman–a deficiency identified in the
13 magistrate's report and recommendation. Plaintiff's objection also identifies the Fifth and Fourteenth
14 amendments as the constitutional rights plaintiff believes to have been violated by defendants.
15 However, plaintiff's objection does not actually object to any portion of the magistrate's report and
16 recommendation.

17 **I.      Legal standard**

18 A party may file specific written objections to the findings and recommendations of a United
19 States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); LR IB 3–2.
20 Upon the filing of such objections, the district court must make a de novo determination of those
21 portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)©; LR IB 3–2(b). The
22 district court may accept, reject, or modify, in whole or in part, the findings or recommendations
23 made by the magistrate judge. *Id.*

24 Where a party fails to object, however, the court is not required to conduct "any review at all
25 . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
26 Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate
27 judge's report and recommendation where no objections have been filed. *See United States v.*

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  *Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F.Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See e.g.*, *Johnstone*, 263 F.Supp.2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

## II. Discussion

This court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the amended complaint and the magistrate's report and recommendation, the court finds plaintiff's amended complaint deficient for the reasons stated by the magistrate judge. While plaintiff's objection demonstrates that these deficiencies might be remedied, the inclusion of these allegations in plaintiff's objection does to remedy the deficient amended complaint.

## III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Leen dismissing plaintiff's amended complaint (doc. # 8) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's amended complaint (doc. # 6) be, and same hereby is, DISMISSED without prejudice.

DATED August 8, 2013.

*[signature]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**